IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT SAN ANTONIO, DIVISION
CIVIL ACTION.

| | |
|---|---|
| Plaintiff, John Bernard Williams, III. ). | RULE 59e,60(b),(d)(3) |
| V. ). | 5 USCS, 701,702,704 |
| John 'Bud' Ritenour Jr.SBOT:00794533). | 15 USCS, 1, 5 |
| 111 Soledad, Suite 430, S.A. Tx. 78208 ). | 42 USCS, 1981,1985. |
| and, ). | Breach of Contract, |
| Attorney General, Ken Paxton, ' OAK ', ). | Breach Fiduciary Duty, |
| Consumer Protection Division, ). | Conspiracy, Legal Malpractice |
| Law Enforcement Division, and. ). | negligence, negligence per se, |
| Civil Rights Division, Hate Crimes. ). | Deceptive Trade Practice Act |
| P.O. BOX 12548, AUSTIN, TEXAS. ). | S.909 Matthew Shepard Act. |

FILED
NOV -6 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

SA23CA1396XR

Department of Justice, OAG, Whistleblowers Division, 229 W. 36th St.
8th Floor, NY, N.Y. 10018 [ equitable tolling joinder, 1:22-CV-01268]
respondent, intervention.

with,
Knights First Amendment Institute, Columbia Law School,
( amicus curiae ).( pro hac vice ).

TO THE USDC District Judge or Magistrate :
Comes, NOW, plaintiff, prose, " aggrieved ", in an uphill battle with the contrariness rules of law, incompetent fiduciary, contract law breach, legal ethics misconduct, in Commissioners Courts in San Antonio,
' a municipality ' of local State government. Plaintiff files this lawsuit not against the state, but against a public officer of the state in his licensed official capacity, demanding immediate disqualification,
severance , and removal of forced enslaved fiduciary restraint. A conflict of interest, a fraud of Oath, and ' thorn in my flesh ', for the sole purpose this suit is for the violation of the plaintiff's First Amendment Freedoms. All remedies are nihil dicit in state court and plaintiffs suit falls under 28 USCS 1443. Plaintiffs harm is of such injurious nature, this suit in equity for monetary relief and the furtherance of a criminal investigation for immediate disbarment in the State of Texas. Plaintiff may be incarcerated in property, detained by a peonage security illegality, even of comparison to chattel, BUT A MAN OF GOD I AM, AND NON-INDIGENT .

COMPLAINT. The following statements are a recitation of the facts between plaintiff and ' hybrid ' deceptive counsel , all true and accurate so help me GOD.
" ON MAY 1, 2023, the plaintiff filed a second, [ restricted ] appeal in the 186th DC, challenging the unduly conviction, and immediately the elements of fraudulent concealment initiated. Plaintiff no longer has access to whether Hon. Jefferson Moore or Hon. Kristina Escalona preside this trial cause, or the (4) appellate causes, 04-22-00695-CR
04-22-00698-CR  04-22-00815-CR  or 04-23-00221-CR. On May 3, 2023, the defendant ALSO filed a notice to appeal [ restricted appeal only was appealable because direct appeal was denied on March 1, 2023, and DISMISSED AS MOOT ON MARCH 2, 2023.  But the defendant did and his letter concealed which causes he was forced to conceal, amongst other motives of deception DATED May 8, 2023, stating,
This is to advise you that I have been appointed to represent you ON THE APPEAL OF THE SUBJECT CASE
[ 2019CR6240 ]. " I am in the process of FILING the necessary documents in the Court of Appeals to get the process moving".
From May 8, 2023 to this suit filing, the ONLY filing made by the defendant was an extension of time to file a petition for discretionary review and informed me by inmate to counsel recorded phone call. He stated, " If you file a petition for discretionary review that I already received a cause number, I will withdraw from you case also after you send me and the Court a Motion to Withdraw".
I REFUSED THIS NON STRATEGIC APPEAL FORFEIT.

to be continued on page 2

COMPLAINT continued.

Defendants letter goes on to state, " As you probably know, an appeal is based only on the record - that is, what the Court Reporters Record reflects happened at trial, and what the Clerks Record shows as documents filed in the case...I WILL REVIEW those records for potential errors once I receive them".  On DECEMBER 6, 2022, plaintiffs private court server was hand delivered a money order IN HER NAME, for the email pre-agreement contract to prepare and deliver via email. Defendant's letter goes on to state, " I am interested in what you may believe were potential points of error as well." To this day the reporters records were not delivered to the plaintiff for appellate errors or to the Court of Appeals, [ nor did the defendant file any brief either Anders' for no potential errors or Appellant Brief for ALL potential errors discovered and filed in the record.] From December 10, 2022 through May 10, 2023, plaintiff filed a plethora of pleadings, motion for new trial and evidentiary hearing, clerks record and reporters record requests, all nihil dicit. I, the plaintiff even filed a grievance with Certified Shorthand Review Board in Austin,certified. I also did not have a proper Faretta hearing for this forced appointed counsel and after numerous motions in the record, I sent a certified letter to the defendant for his ' hybrid ' First Amendment interference to be heard, especially when defendant FILED NO BRIEFS WHATSOEVER. USPS, 7021 2720 0002 3952 3632, stating my distrust and notice to sue under D.T.P.A., CH. 17, section, 17.505, Texas Business Commerce Code.  The defendant has obstructed a Whistleblower complaint to protect public officers and colleagues.  Most importantly, the foundational objection I, the plaintiff have is a prosecution failure to disclose exculpatory evidence favorable to the accused, continuance granted January 31, 2020. Now newly discovered evidence confirms conspiracy to commit fraud by the PUBLIC DEFENDERS SCHEME or artifice of deception of a clients First Amendment right to redress substantive harm and fraud to misappropriate government funds to have auditor records appear legitimacy of counsel appointment. On October 24, I receive the mandate and a letter from the defendant stating ONLY ONE SENTENCE, " Enclosed is a copy of the Mandate issued October 11, 2023, by the Fourth Court of Appeals IN YOUR SUBJECT CASE." THESE ARE THE ILLEGAL ACTS OF CONSPIRACY:

1. DEFENDANT, John Bud Ritenour Jr, conspired to accept a mandate which is unconstitutionally barred by ' Res Judicata Doctrine ' , because CLAIM SPLITTING IS BARRED BY JUDICIAL LAW.
2. DEFENDANT, John Bud Ritenour Jr, conspired to fraudulently conceal the Mootness Doctrine exception of a collateral consequence exception.
3. DEFENDANT, John Bud Ritenour Jr, has violated State Bar , Texas Constitution and US Constitution of the Right of a contract to be fulfilled and agreed by the both party's, with Freedom of expression .
4. DEFENDANT, John Bud Ritenour Jr, has committed the overt act of Fraud , as a Public Defender fiduciary filing no brief for the violation of another's civil rights of restraint of property of a security interest.
5. DEFENDANT, John Bud Ritenour Jr, under Rule 202, is required by deposition to answer such unconscionable conduct within the
' ripeness' of plenary power of  November 11, 2023, see Texas Citizens Participation Act.
6. DEFENDANT, John Bud Ritenour Jr, failure to respond to this said Court and continue ' nihil dicit' defense , does the plaintiff Motion for Post Judgment Nihil Dicit, Default and intervene in the state proceeding, as in 28 USCS, 1443, accordingly.

An attorney protection from liability is not boundless. He can be held for actions that are, [ aren't ] part of the discharge duties...the law doesn't provide absolute immunity for every tort committed by a lawyer that he may be tangentially related to during litigation.

to be cont'd.

" A cause of action may exist against an attorney who knowingly commits a fraudulent act outside the scope of ' hybrid ' illegal representation of a consumer. This is so because such action is FOREIGN to the duties of an attorney. " ( cit. onitd).

Texas Lawyers Creed I.

@ 1. I am passionately proud of my profession therefore, ' My Word is My Bond '
@ 5. I will always be conscious of my duty to the judicial system.

Texas Lawyers Creed II.

' A Lawyer SHALL employ all appropriate legal means to protect and advance the clients legitimate rights, claims, and objectives. A Lawyer SHALL NOT be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self interest."

Texas Lawyers Creed IV.

"Lawyers and Judges are EQUALLY responsible to protect the dignity and independence of the Court and the profession. "
@ 5. " I will not engage in ANY CONDUCT which offends the dignity and decorum of proceedings. "

DAMAGES.
DEFENDANT, John Bud Ritenour Jr, has so flagrantly, misrepresented the integrity of the State of Texas, The Constitution of the United States, the respect of the public citizens who have been harmed irreparably as the plaintiff, however the plaintiff seeks economic, monetary, physical, mental, social censorship damages of $350,000.00.

Dallas Morning News - " Watered Down Justice ", Jan. 24, 2023.

" Prosecutors are agents of justice, not MEMBERS of a team looking to secure convictions...by watering down the proposed new [ State Bar of Texas ] rule, the ethics committee backed down under pressure and made it easier for the wrongly convicted to unjustly stay behind bars "

THIS LAWSUIT IS A PUBLIC INTEREST COMPLAINT THAT MUST CEASE.

" PROTECTED SPEECH "- Doughty, J, ( 5th Cir. COA, La. ), ' [N]o one may induce, in any manner, or suppress the speech under the guise of the removal, suppression, or reduction of content containing protecting free speech of others" - Injunction granted.

TORT SUIT TABLE OF CONTENTS.

I.  Opening Statement
II. Complaint - intent, knowledge, and malice  Lawyer's Creed excerpts.
    A. Dallas Morning News Article clip
    B. Fifth Circuit Judge " Protected Speech "
    C. " material ", defn.
    D. Title 15 USCS, 1
        (1) Sherman Act
        (2) ' unclean hands ' barred
        (3) Title 15 USCS, 5
III. Pro Hac Vice
IV. JURISDICTION LAW - Dupard v. Lopito
V.  Title 28 USCS, 1443
VI. Texas Citizens Participation Act- TCPA
VII. Gonzales v. Crosby, SCOTUS PRECEDENT
     A. ' intrinsic or extrinsic fraud '
     B. Contract Law
     C. Equitable Estoppel
VIII. D.T.P.A. section 17.505
     A. ' hybrid ' illegal

    B. Defendant, published opinions patterned of fraudulent concealment
    C. ' Deceit '
    D. ' Deceptive '
    E. Allocation
IX. Title 42 USCS, 1981, alleged fraud barred by Eleventh USCA
    A. NO ABSOLUTE IMMUNITY
    B. NO OTHER RELIEF AVAILABLE
    C. PRECEDENT
X. Defendants ineffectiveness of " clear TRAP 33.1 potential errors "
XI. Stare Decisis.
XII. OAG LAW ENFORCEMENT DIVISION

PRAYER

UNSWORN DECLARATION

CERTIFICATE OF SERVICE

C. ' MATERIAL ', defined, a material , [ speech ] deprivation has illegally restrained the plaintiff's security interest of a public matter. Defined, as
" having real importance and great consequences, " Wolf Hollow I, LP v. El Paso Mktg. LP (14th COA ). Black's Law definition,
" of such a nature that knowledge of the item [ or right ], would effect a persons decision making, significantly, essentially,
( 11th Ed. 2019)

> 'THAT BUT FOR PLAINTIFF'S PROSE STATUS, RACE,
> THE CONSUMER WOULD NOT HAVE SUFFERED A
> LOSS OF A LEGALLY PROTECTED RIGHT."

See Comcast Corp. v. National Ass'n African American Owned Media,
140 S.CT. 1009(2020).

(1). The gist of the ' Fraudulent Concealment Doctrine ' is a defendants' active suppression of truth or failure to disclose when defendant has a DUTY TO DISCLOSE , Markwardt v. TeX. Indus., citing,
Vial v. Gas Solutions, Ltd., 187 SW 2d at 231(2006 Texarkana) Mitchell Energy Corp. v. Bartlett, 958 SW 2d at 439(duty to disclose).

The defendant is a conspirator enjoined at the gist of ' a municipality' participation of the Uniform Fraudulent Concealment Act, violating administrative law. Texas Pools Inc v. Clayton, 293 SW 3d 299, *9,*12,
( Standard of Performance- Illusory Promises - Contracts ).

D. Title 15 USCS, 1. EVERY person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and [ nihil dicit defense should be used AGAINST THEM]
ANY PERSON who shall be injured of property by reason of anything forbidden, may sue therefore in any district court of the United States, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and cost of suit, including reasonable attorney fees.
(2). Relief against conspiracy in violation of the Sherman Act, concerted action places burden on defendants of going forward with evidence to explain why or contradict it. I.C.I. v. U.S., 306 US 208, 59SCT 467, 83 L ED 610,1939 US LEXIS 1190(1939) Standard Oil Co. v. US, 283 US 163, 51 SCT 421, ( there MUST be definite factual showing of illegality).
(3). Complaints can not be diminished by conduct of its agents under
' unclean hands ' defense. US v. Cotton Valley Operations Committee,
75 F Supp 1, 1948 US Dist Lexis 2949.
(4) Title 15 USCS 5, Plaintiff will bring additional parties of interest, such as Geneva Garcia, CSR, 186th trial court reporter, also in breach of contract, and deposition will disclose whether reporter record was SHIELDED from consumer to protect conspiracy. see also 15 USCS
1601( Bureau of Consumer Financial Protection ) 15 USCS, 2306.
Service Contract, [ authorizing procedural compliance for defendant illegal counsel appointment, and by which Judicial authority.]

III. PRO HAC VICE.
Plaintiff, timely informs the right of pro had vice to represent in very serious PUBLIC INTEREST MATTERS as this.
Texas courts have long held that " [t]he right of a litigant to be represented by the attorney of HIS CHOICE is a significant one,
" and this right has been extended to litigants who wish to be represented by nonresident counsel. In re Vossdale Townhouse Ass'n, Inc, 302 SW 3d 890, 893( 14th 2009, orig. proc.) Keller Indust. Inc., 804 SW 182,185. However, choice is not unfettered because nonresident attorney must be approved by the court. Admission will be granted to those who already have litigated against Texas in other First Amendment controversy.
A. material is stated in II, subsect. C. of suit

IV. DUPARD V. LOPITO.
2020 US Dist Lexis 54570, establishes JURISDICTION for plaintiffs
actions. " If a court has original jurisdiction over a federal claim pursuant 28 USCS 1331, then, the court also has supplemental jurisdiction over state law claims if the state law claims are "so related to claims in the action within such.." see 23-50614.

4.

V. Title 28 USCS, 1443.
ANY of the following civil actions or criminal prosecutions, commenced in a state court may be removed, (1), against any person who is denied or CANNOT ENFORCE in the courts of such state, a right under any law providing for equal civil rights and, (2), any act under color of authority derived from any law providing for equal rights or REFUSING TO DO ANY ACT [ counsel withdraw from record ],on the ground that it would be inconsistent with such law.

VI. TEXAS CITIZENS PARTICIPATION ACT - TCPA
In Diamond Consortium, Inc. v. Hammervold, 733 Fed Appx 151, (5th Cir. 2018), based on a conspiracy claim pertaining to a judicial proceeding and trial court erred in dismissal of ordinary meaning of judicial proceeding under the plain language of the TCPA requirement of an actual, pending proceeding, see 28 USCS , 1343(3) - civil rights,
(a)(3), to redress the deprivation under color of any state law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States, or by any Act of Congress, providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

VII. GONZALEZ V CROSBY, 595 US 524(2005), NO. 04-6432.
Rule 60(b)(6), FRCP, permits a court to relieve a party from effect of final judgment under certain circumstances including FRAUD, mistake of law, and newly discovered evidence - ' amending prior judgments and damages', Soil R. Co. v. Escanaba and LSR Co., 840 F 2d 546, 1988
US App Lexis 2295(7th Cir.).

A. ' Whether intrinsic or extrinsic fraud, misrepresentation or other misconduct of an adverse party are express grounds for relief motion under subsection (b). There is no sound reason for their exclusion. The incorporation of fraud and the like within the scope of rule also removes confusion as to the proper procedure...It has been held that relief from a judgment obtained by extrinsic fraud could be secured by motion within a reasonable time which might be after the time stated and the rule had run. " Fiske v. Buder, 125 F 2d 841(8th Cir. 1942) or
inferentially, Bucy v. Nevada Constr. Co., 125 F 2d 213(9th Cir. 1942)  also Hazel Atlas Glass Co. v. Hartford Empire Co., 322 US 238, 88 L ED
1250, 64 SCT 997(1944).

B. CONTRACT LAW.  ' [W]hen a person creates a contract in writing, all contracts guarantee all persons same rights to make and enforce contracts, Art. III, USCA, as enjoyed by white citizens, 42 USCS 1981, prohibiting racial discrimination." Runyon v. McCrary, 427 US 160, 96 SCT 2586.( a loss of contractual interest as in this suit , [ an appeal], because of a defendant with interests CONTRARY the consumer and OATH TO PRACTICE LAW.)

C. This District can order a ruling under the Doctrine of Equitable Estoppel", for the protection of those who are misled requiring that the false representation or co cealment of " material" facts must be made,with knowledge, actual or constructive of the facts, so that the
' contractor ',intended to act upon an agreement OR ACTED IN PREJUDICE.  Seay v. Diversified,Inc. 382 SW 2d 518(1964).
"Repudiation, is a conduct that shows a fixed intention to abandon, renounce and refuse to perform a contract. Continental Casualty Co. v
Boerger, 389 SW 2d 566 (Waco 1965),*2  see *5(repudiation affords to the other party the opportunity to accept the declarations if he chooses to do so, OR NOT. As a consumer may bring an action to the breach of it or treat the notice of repudiation as inoperative so as to keep the contract alive. However, consumer elects to file suit for damages. See Lumberman's Mutual Casualty Co. V. Klotz, 251 F 2d 499, 505 (5th Cir.1958).

to be continued, end of pg. 5

VIII. D.T.P.A., section, 17.505, (60) day notification was sent on JULY 5, 2023, certified and emailed to attorney registered addresses, of this suit in equity for conspiring against the plaintiff.

John Bud Ritenour Jr, did, violate the statutes in Texas Business Commerce Code(s) : section, 17.45(11)  sections 17.46(b), (unconscionable ), subsection(s): ,, (1),(2),(3),(5),(11),(12), and (14). Such conduct flagrant in nature, see McCleod v. Cyr, 493 SW 3d 639,
with significant and nihil dicit response, see Alfred v. Lingo, no. 14-94-
00585-CV   Mark v. Lerer, No. 03-17-00509-CV.

A. ' HYBRID ', to conspire Fraud ?
Defendant is aware an appellant is not allowed ' hybrid representation'
on appeal except in the Anders' context. Mr. Ritenour Jr, FAILED to file ANY brief in support of any compensation by the State Auditor and Commissioner Courts. Stafford v. State, 758 SW 2d 663  cit. Hubbard v. State, 739 SW 2d 341, 342 (TeX. 1987) Dunn v. State, 733 SW 2d 212,213,h.n.*1, (C.O.C.A. 1987).  If defendant has filed such brief, HE HAD A OFFICIAL DUTY TO DISCLOSE BRIEF TO AN APPELLANT FOR FURTHER APPEALABLE ACTION BY APPELLANT.

B. DEFENDANT ' PATTERN ' of FRAUDULENT CONCEALMENT.

THE following published cases, did, Mr. Ritenour Jr, abuse, misled, fiduciary duties to deceive, intentionally, consumer after consumer :

1.  In re Johnson, 2009 Tex App Lexis 9184
2.  Fuentes v. State, 2004 Tex App Lexis 1983
3.  [ sic ], Tex App Lexis 791
4.  [ sic ], Tex App Lexis 1392
5.  Merryman v. State, ( plaintiff knows personally ), 391 SW 3d 261
6.  And as far back as 1996 in Pool v. State, 1996 Tex App Lexis 5008, enjoined by conspirators, ED Shaunessey III, and Justice Alma Lopez, Fourth Court Of Appeals.

C. " DECEIT ",  is intentional manipulation through lies or ' material '
omissions, when there is a duty to speak, US v. Neustadt, 366 US 696
(1961).  There is no discretionary conduct in a breach of fiduciary duty.
' Discretionary ' unlike " DUTY ", is the relevant conduct as a matter of choice and a refusal of mandated or proscribed statutes, regulation or policy.  Thus a clear and unequivocal conflict of interest, see Davis v. Scherer, 468 US 183(1984), n. 14  US v. Scrinopske, (5th Cir. 1950),
( finding a federal tort claim act jurisdiction is proper where the alleged
breach was of an implied obligation in contract, not express obligation)  see also Recover Edge LP v. Pentecost, 44 F 3d 1284,
( actual fraud consists of ANY DECEIT, artifice, trick or design involving
direct or active operation of the mind, [ Gas lighting ], used to circumvent and cheat another or something said, done or omitted, with the design of " PERPETUATING " what is known to be deception).
[ DEFENDANT IS SUMMONED IN CIRCUIT APPEALS NO. 23-50614, BY MOTION TO PERPETUATE TESTIMONY ].

D. " DECEPTIVE ".  ' A producing cause is a substantial factor which brings about the injury and without which the injury would not have occurred. A consumer need not show forseeability to prove producing cause ', Streber v. Hunter, 221 F 3d 701
Knight v. Int'l Harvester Credit Corp. (Tex 1982), ( deceptive conduct may be actionable under DTPA, if it is ' inextricably '
intertwined with a consumer business contract.)

E. ALLOCATION. " Consumer need only prove that the consumer was taken advantage of to a grossly unfair degree, and this should be determined by examining the entire court records, transactions and pleadings and not by inquiring whether the defendant intended to take advantage of the consumer or acted with knowledge or conscious indifference. American Title Co. v. Bomac, ( Dallas COA, 2006) Alfred v. Lingo, (14th COA 1995),(a grossly unfair degree requires a showing that the resulting unfairness was glaringly noticeable, flagrant, complete and unmitigated.)

IX. ARGUMENTATIVE ERRORS IGNORED BY DEFENDANT.

1. State District Court erred in denying plaintiff relief because it criminalized First Amended Protected Speech, Ex parte Perry, 471 SW 3d 63, h.n.*9, ' ripeness ', and h.n. *53,(punish).

2. Maples v. Thomas, ( procedural default ), when retained counsel ineffective assistance claim harm of ex parte communication and suppressed witnesses to authenticate misconduct and illegal trial procedure). Such default exists where something external to [ sic ], or something that cannot fairly be attributed to him, impeded his efforts to comply. An attorney is an agent, and under well settled principles of agency law, each party is deemed BOUND by the acts of the lawyer agent. When attorney abandons client without notice and thereby occasions the default. This is INEFFECTIVE and death of attorney almost (2) years due diligence by plaintiff, doesn't nullify the procedure default law.

3. Statute allows trial court discretion unless abused, to review leave of court amended motion for new trial hearing and preserve issue on appeal, Rubio v. State, 638 SW 3d 693 , 2022 COCA Lexis 32.

4. Defendant failed to object for supplemental Rule 28, TRAP Motion for new trial which was filed before appointment and now permitted for restricted appeal.

5. Defendant failed to compel special appearance objections, where the trial court rendered final judgment before an appellate court ruling on the restricted appeal, dismissal was not warranted, because the rule required the appellate court to treat the interlocutory appeal as if it were an appeal from final judgment. Chen, 645 SW 3d 773, 2022 Tex App Lexis 447.

6. Defendant failed to object to a founded argument from JANUARY 31, 2020, a duty to conduct an evidentiary hearing on noncompliance of State's suppressed exculpatory evidence under Article 39.14(h), with
stipulations under disclosure in Family Code under Moral Turpitude exceptions for past criminal behavior. SEE OAG KP-0213, September 24, 2018, TXCCP ART. 29.08  Anderson v. State, 301 SW 3d 276, 279
( COCA 2009)  Temple v. State, (2019), rev. remd.

7. Defendant failed to object to district court abuse of discretion in dismissing plaintiff motion to dismiss prosecution for lack of evidence without a hearing to determine any pretrial disputed facts upon which motion or opposition to it predicated.  See Commodities Export Co. v.
US Customs SVC., 888 F 2d 431, 1989 US APP Lexis 16018(6th Cir.)
remanded.

8. Defendant failed to object to NO REPORTERS RECORD OF TRIAL COURT PROCEEDINGS , Cooks v. State, 324 SW 3d 925, or the Fraudulent Concealment of the same  Tx Govt Code, sect. 52.042(a),
TRAP RULE 13.2(e), ( requires CSR to ensure that no one gains access to the original proceeding without written order, [ missing ], Routier v.
State, 112 SW 3d 554, 563-70(COCA 2003).

9. Trial Court commits a clear abuse of discretion when it refuses to exercise [ ministerial duty ], or to rule on ANY pending motions. Grant v.
Wood, 916 SW 2d 42, 45(1st Dist. 1995) orig. proc.

10. Since trial court appointed ' hybrid ' defendant counsel, a writ of mandamus was not appealed for any right to relief in a criminal case, nor seek the record and disclose any error or Anders review, In re State
ex rel Weeks, 391 SW 3d 117, 122(COCA 2013)  Simpson v. McDonald,
142 Tex 444, 179 SW 2d 239, 243(Tx 1944)(require COA to perform its statutory duty to certify appellate counsel's questions of law.)

11. And , Defendant advice to appellant incorrect to any standard of law as appellant counsel for appeal and NOT PETITION FOR DISCRETIONARY REVIEW APPOINTMENT OF COUNSEL, in a recorded telephone conversation to deceive, mislead, coerce the no preservation of appealable errors, so unconscionable he deserves to be sanctioned, reprimanded, suspended, or the disbarment would suffice the plaintiff, after monetary relief, accordingly.

X. 42 USCS, 1981 CLAIM BARRED BY ABSOLUTE IMMUNITY.

In Baker v. Conn. Dept. of Corr., 2006 US Dist Lexis 10036, liability under both, sect. 1981 requires a showing of personal involvement of the defendant. Patterson v. City of Oneida, 375 F 3d 206, 229(2nd Cir. 2004). " Personal involvement " may be established by evidence that :
(1) the official participated directly in the alleged constitutional or statutory violation;
(2) the official, after being informed of the violation through a report or appeal, failed to remedy the wrong;
(3) the official created a policy or custom under which unconstitutional
practices occurred or allowed the continuance of such a policy or custom;
(4) the official was grossly negligent in supervising subordinates who committed the wrongful acts, or
(5) the official exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

' Direct participation ', requires intentional participation in the conduct violating plaintiffs rights who " does not foreclose liability of a person who, with knowledge of illegality, participates in bringing violation but indirect, or during, or helping when knowing the facts are illegal. Provost v. City of Newburgh, 262 F 3d 146, 155(2nd Cir. 2001);
see 28 USCS, 1343(a)(3), - a counterpart jurisdiction to district court who may have subject matter jurisdiction grounded on section 1981;

which; (1) has no amount in controversy requirement;
 (2) does not require action under color of state law;
 (3) is intended to enforce Thirteenth USCA AMENDMENT, and
 (4) prohibits all racial discrimination which deprives any person of full and equal benefits of laws. See US v. Chicago, 549 F 2d 415, 1977 US APP LEXIS 10593(7th Cir.)

A. Title 42 USCS, 1982, also can be removed under 28 USCS 1443(1), see Louisiana v. London, 335 F Supp 585, 1971 US Dist 10172; " ALL
citizens of the United States SHALL have the same right in every state and territory as is enjoyed by white citizens thereof to [ hold and convey real and personal property ].

B. Eleventh Amendment immunity bar. ' It is immaterial to immunity afforded government that its agents were guilty [ of perjury] of negligence or abuse of discretion causing damage complained of".
US v. Ure, 225 F 2d 709, 1955 US App Lexis 4248(9th Cir. 1955).

C. No relief continued under sections, 28 USCS 2680(h), (I) and 42 USCS
1981; 'A court will find waiver only where stated by the most express language or by such overwhelming implications from the text as ( will)
leave no room for ANY OTHER REASONABLE construction". Edelman v. Jordan, 415 US 651, 673, 39 LED 2d 662, 94 SCT 1347(1974),(quoting Murray v. Wilson Distilling Co. 213 US 151, 171, 53 L ED 742,
29 SCT 458(1909).

XI. STARE DECISIS, STAND BY A THING BUT DON'T DISTURB THE CALM.
Legitimacy, ' concerns focus on the judiciary's appropriate role within government, OAG. A court has no authority to decide cases on political or policy factors that are entirely appropriate for other branches of government'. Mitschke v. Barromeo, (Tex 2022). A courts judgments,
which become precedents, should be based on reason, law, and not political whim; ( private interests as here are political) New decisions
should therefore comport with precedents.
    Another important value of ' stare decisis' is that it justifiably permits society to presume that bedrock principles are founded in the law rather than in the proclivities of individuals. On the other hand, adhering to or entrenching a precedent that is " egregiously wrong ",or
that has lost its underpinnings, does not foster legitimacy.
    ' Stare Decisis ', does not warrant an obstinate insistence on precedent that appears to be plainly incorrect, particularly when the other 'stare Decisis' concerns point against retaining precedent. see
SW BELL v Mitchell (Tx2008); all courts adhere to rules.

## XII. ATTORNEY GENERAL INTERVENTION

THE CRIMINAL STATUTE WHERE AN ELECTED OFFICER, OFFICER OF THE COURT IS AN " OFFICER" UNDER STATUTE AND STATUTE MADE CRIMINAL ANY OVERT ACT DONE IN A FALSELY ASSUMED CHARACTER. COMPLAINTS ARE SUFFICIENTLY DETAILED WHERE CHARGES OF ACTS AND INTENT AND STATED THE DATE AND PLACE AND THERE IS ADEQUATE PROOF TO SHOW CRIMINALITY.
STARE DECISIS - SEE LAMAR V. UNITED STATES, 241 US 103(1916)
NO. 895.

The following violations are for OAG INTERVENTION AS PRECEDENT.

1. Title 18 USCS 208 - official participates personally or substantially, through decision, approval, disapproval, recommendation in a judicial or other proceeding.

2. Title 18 USCS 241 - Conspiracy against rights
   242 - Under color of law
   246 - Deprivation of relief benefits
   371 - to commit offenses or to DEFRAUD U.S.D.C.

3. Title 18 USCS 401 - Power of Court disobedience or resistance to its lawful writ, process, rule.

4. Title 18 USCS, 1001 - (a)(1), falsifies, CONCEALS, or covers up by any trick, scheme, or device , A MATERIAL FACT.

5. Title 18 USCS 1505 - Obstruction of proceedings before departments, agencies, committees, with intent to avoid, evade, prevent, obstruct, compliance in whole or in part, conceals, destroys, alters, ORAL TESTIMONY [ FIRST USCA AMENDMENT ], which is the subject of this demand.

6. Title 18 USCS 1622 - Subordination of perjury
   1623- False Declarations before court

7. Title 18 USCS 2071 - CONCEALMENT, removal or mutilation
   2075 - Officer failing to make returns or reports. Any officer who neglects or refuses to make any return or report which HE OR SHE is required to make at stated times by ANY Act of Congress or Regulation.

## XIII. THIRTEENTH USCA, UNDULY CONVICTION DUE TO THIS CODE:

TITLE 18 USCS 2713. STORED WIRE AND ELECTRONIC COMMUNICATIONS.
' REQUIRED, preservation and disclosure of communications and records. A provider of electronic communication, or remote computing service SHALL comply with the obligations of this chapter, Title 18 USCS 2701 to preserve, backup, or disclose the contents of an electronic communication and ANY record or other information pertaining to a customer [ plaintiff ], or subscriber, [ a municipality ] within such providers possession, custody, or control, REGARDLESS.

1. BEXAR COUNTY SHERIFFS OFFICE, BAILIFF CLOSED CIRCUIT CAMERA MONITORING OF EACH AND EVERY COURTROOM DAILY DOCKET SITTING IS REQUIRED FROM JANUARY 31, 2020, FOR THE PURPOSE TO PERJURED TESTIMONY BY A JUDGE TO BE EXPOSED.

2. 186TRIAL COURT TRANSCRIPTS FROM 2019-CR-6240, AUGUST 25,2022 OCTOBER 14, 2022, OCTOBER 27, 2022, AND DECEMBER 6, 2022 AND ANY OTHER TRANSCRIBED PROCEEDING FROM SUCH CAUSE IS REQUIRED TO SHOW CAUSE FOR A FEDERAL CONSPIRED INVESTIGATION OF OFFICIAL OPPRESSION.

3. TEXAS DEPARTMENT OF CRIMINAL JUSTICE RAMSEY UNIT 1, ROSHARON, TEXAS, POSSESSES AN ATTORNEY TELEPHONE CONVERSATION WITH PLAINTIFF DATED JUNE 21, 2023, OF A FRAUDULENT ADVISEMENT TO INTENTIONALLY FORFEIT ANY APPEALABLE EVIDENCE PRESERVED OF CONSPIRED CONDUCT SINCE 2018 IN CAUSE NO 2019CR6240, AND DISCLOSURE IS
REQUIRED FOR FEDERAL REVIEW, SEE 5 USCS 552, 702, 704, 15 USCS 1, 5.

PRAYER

IN THE UNITED STATES DISTRICT COURT OF APPEALS
FIFTH CIRCUIT COURT, NEW ORLEANS, LOUISIANA
CAUSE NO. 23 - 50614, WILLIAMS V. MOORE, ET AL [ CLASS ACTION].

PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO PERPETUATE TESTIMONY, OR IN THE ALTERNATIVE, TO TEMPORARILY LIFT THE STAY PENDING FRAP RULE 15 PETITION FOR OAG INTERVENTION AND APPELLATE BRIEFS.

" PROTECTED SPEECH " - DOUGHTY, J.
[N]o one may induce , in any manner, or suppress, the speech under the guise of the removal, suppression, or reduction of context containing protected free speech of others. Injunction granted.

TO JUSTICES OF THIS FIFTH CIRCUIT COURT :

I. OPENING STATEMENT.

Comes, now, plaintiff, John Bernard Williams III, adamantly, in good cause, to request an Order for testimony from the following deponents for the following questions of law and stare decisis precedent :

1. John ' Bud ' Ritenour Jr., SBOT : 00794533, Attorney at law, 111 Soledad, Suite 430, San Antonio, Tx. 78208.
   Purpose :  An ongoing inquiry of overt conduct remains an impeding factor in state conviction cause no. 2019CR6240, in the municipality of Bexar County Commissioner Courts, violating the First Amendment , Freedoms and Liberties, and the Contract Clause enforcements ,of the US Constitution.  A fraudulent concealment has been exposed and YOUR TESTIMONY is at the forefront of this Courts civil suit, as plaintiff Peonage detainment remains unconstitutional. Plenary powers permit your immediate cooperation on or before November November 10, 2023, as newly discovered evidence was not available until October 24, 2023.

2. Geneva Garcia, CSR, (186th DC, COURT REPORTER, 2019CR6240, from August 25, 2022 - December 6, 2022)  Four (4) transcribed proceedings were prepared by YOU. Registered address: 101 W. Nueva, Suite 332,78205, (210)335-2252. YOUR REPORTER RECORDS ARE REQUIRED, UNSUPPRESSED, and YOUR PRESENCE, to explain the failure to provide records to plaintiff as purchased consumer of emailed written agreements. A federal lawsuit is pending for your fraudulent concealment of records and while plenary power still exists for your immediate cooperation, this Fifth Circuit needs you to comply.

II. JURISDICTION. After all remedies have been exhausted, ' a propriety
of agency disclosures is reviewable under Title 5 USCS 706, as claim that disclosure would constitute agency action not in accordance with law,' 5 USCS 552, US v. Geophysical Comp. of Alaska, 732 F 2d 693, 1984 US App Lexis 22935(9th Cir.). An individual may obtain access only to records written or transcribed to PERPETUATE knowledge or events, and agency is not required to answer questions or opinions in response to individuals requests unless fraud exception exists. [ public officials have misappropriated funds for a PUBLIC DEFENDER SCHEME or artifice to defraud courts jurisprudence to sustain selective and discriminatory convictions]. Hudgins v. IRS, 620 F Supp 19, 1985 US Dist Lexis 17102(D.D.C.)  28 USCS 1447
28 USCS 2409

III. Rule 27(b), provides that a court may authorize depositions to perpetuate testimony pending on appeal.
In particular the rule provides that, [t]he court where a judgment has been rendered may [mandate violating res judicata law and mootness doctrine exception for equitable estoppel], may permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court, sect (b)(1)-(3), F..R.Civ. P.  LA Real Estate Appr. Bd v. US FTC, 2020 US Dist Lexis 62659( W.D.M.D.La.)  Shore v. Acands, Inc, 644 F 2d 386,389(5th Cir. 1981)  if necessary, 28 USCS 1361, to confer jurisdiction on District Courts to compel government official or agency to make decision,NOT TO DIRECT OR INFLUENCE . Hill v. US, BOP, 257 F Supp 129, 1966 US Dist Lexis 6780.
Holmes v US, (7th Cir 1976),(capable of affording full relief as to matter in question)

IV. PRAYER.
Plaintiff prays for Emergency relief, accordingly

John B. Williams III, PROSE.  10/30/23    *[signature] John W Williams*    10/30/2023

7918 HATCHMERE CT
CONVERSE, TX 78109