In The United States District Court, Western District
San Antonio Division

Cause No: SA-23-CV-01396-XR

FILED
DEC 18 2023
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| Williams III, John Bernard § | |
| plaintiff, pro se § | |
| § | Plaintiff Motion For Default |
| v. § | Judgment, or |
| § | Alternative Plea To Jurisdiction |
| Ritenour Jr., John 'Bud' § | 'T.U.F.T.A.' Certification |
| SBOT # 00794533 § | |
| defendant. § | |

To The Clerk of this said District Court:

### I.

In accordance with proper service requirements met by Plaintiff through professional court server, Defendant was served, November 7, 2023, F.R.C.P. P. 4(m). On November 13, 2023, did, Defendant participate in a "hearing", Absent the plaintiff, in the 186th District Court, on the serious allegations in this suit, and violated Texas law, under TCCP Article 33.03 (plaintiff attendance is mandatory when a hearing on a felony case is held.) Misdemeanor cause is the exception. Defendant may no longer serve as counsel and FACT Witness To Texas Uniform Fraudulent Transfer Act. See Texas Emp. Ins. Ass'n v. Kirby, 137 Tex 106, 152 SW 2d 1073 (1941).

next page cont'd

(i)

Mot for Default - Plea to Juris (Plaintiff)
cont'd

## II.

Plaintiff filed a Formal Bill of Exception upon this newly discovered evidence, and a supplemental petition for Removal of State proceedings, as Defendant attempted to fraudulently conceal all trial court's abuse of discretion with "Res Judicata" barred doctrine of "claim splitting", see Holloway v. Fifth Court of Appeals, 767 SW 2d 680 (Tx 1989), no. C-7865) Allen v. Mc Curry, 449 US 90, 94, 101 S.CT 411, 66 L Ed 2d 308 (1980) (under Res Judicata, a final judgment on the merits of an action, [March 1, 2023], precludes the [transferee], or their privies from relitigating issues that were or could have been raised in the [October 11, 2023] mandate, but were concealed intentionally by the Defendant. Mr. Ritenour has forfeited the plaintiff's right to appeal, In re Tatum, 587 F 2d 682 (5th Cir 1979). (attorney's failure to file any brief or request an extension of time to file a brief of an appeal of an unduly criminal conviction was ruled as professional misconduct and required suspension to practice before appellate court.)

## III

When the Fifth Circuit Court's Certified Question is, "[W]hether a transferee on inquiry notice of fraudulent intent can achieve good faith without investigating its suspicions, and the Texas Supreme Court says, 'NO'. Plaintiff must exhaust all remedies of law for a Federal Plea of Jurisdiction if Texas Supreme Court or Court of Criminal Appeals is nihil dicit, and non - stare decisis of law. Tx Const. Art V, sect. 3-C, TRAP 58.1.; Janvey v GMAG 925 F 3d 229 (5th Cir May 24, 2019), No. 17-11526, and Opin-delivered, 63 Tex Sup S. 250, No. 19-0452

next page cont'd

Mot. For Default - Ples to Juris (Plaintiff)
cont'd

No. 19-0452, December 20, 2019. "Error when a District Court allows a transcript (unavailable) to be harmless and no confrontation to ineffective assistance of counsel claim." Dobbs v. Zant, 506 US 357 (1993); US v. Blackburn, 992 F 2d 666, 670 (7th Cir 1993), (lack of trustworthiness is most frequently found when the record was prepared in anticipation of litigation) Stephens v. City of Reno, 342 SW 3d 249, 253 (Texarkana 2011), ('Absent authority to the contrary, affidavits ARE NOT, as a general rule admissible in a trial as independent evidence to establish facts material to the issues being alleged'), citing US v. Stone, 604 F 2d 922, 925 (5th Cir 1979) (extraneous portions of affidavit constitute inadmissible hearsay); and U.S. v. Vigil, 2013 US Dist Lexis 90264, ([S]uperior Court is required to file, production, lawyer obligation to maintain file, Rule 1.14(a), T.D.R.P.C., FRCP 17(b), section (c), (subpoenas free of charge to plaintiff)

IV

A plaintiff may apply Abstention Doctrine when plaintiff attacks state officers remedial law as discriminatory and court found that pending litigation in state court might eliminate or limit constitutional issues raised in federal suit, Martineau v. Ghezzi, 389 F Supp 187, 1974 US Dist Lexis 11440 (N.D. N.Y. 1974). Plaintiff also requests the federal principle that a "fraudulently concealed" cause of action does not accrue until discovery prevails over inconsistent state statutes extending period for instituting fraud action for additional period one year afterwards. Pollard v. U.S. 384 F Supp 304, 1974 US Dist

(iii)  (over)

Mot for Default - Plea to Juris (Plaintiff)
Cont'd.

Lexis 6002 (M.D. Ala 1974). No Summary Judgment will prevail when a transferee Notice to Investigate Fraud dated Back to May 16, 2023, (10) days after Defendant Committed to Appellant Appointed Representation - see Convey ID. (see Notice, Certified by Court FROE 902)

## I

Tx Const. Art V, Section 3-c. Questions of State Law Certified from Appellate Court.
(a) The Supreme Court and the Court of Criminal Appeals, have jurisdiction to answer questions of state law certified from federal appellate court.
(b) The Supreme Court and the Court of Criminal Appeals SHALL promulgate rules of procedure relating to the review of these questions.

Pursuant to the 'Article', and TRAP P. 58, certified issues raised, apply in this case under fraud, fraudulent concealment and 'TUFTA', because this case also raises important issues of Texas Law that the Texas Courts have not yet resolved, see Flores v. Millennium Interests, LTD, 390 F 3d 374, 2004 US App Lexis 23309 (5th Cir.); Burden v. Johnson and Johnson Med. 447 F 3d 371, 2006 US App Lexis 9833 (5th Cir.) (multiple conspirators) A Transferee cannot possess either actual or inquiry notice of a Transfer's fraudulent nature, see Hahn v. Love, 321 SW 3d 517, 527 (1st Dist 2009); Cit. In Re Am. Housing Foundation, 785 F 3d 143, 164 (5th Cir 2015) The Fifth Circuit like many other courts interpreting Title 11 USC § 548 (c), good faith, permits transferee to "rebut" a finding inquiry notice by demonstrating they conducted a "diligent investigation" of suspicions

(IV)

Mot For Default - Plea to Juris. (Plaintiff)
cont'd.

Under Texas Law, [Court's] are subject to a proceeding Duty to "search the records, for they are the primary source of information", see Strong v. Strong, 128 Tex 470, 98 SW 2d 346, 348 (Tx 1936). This duty does not arise from the definition of inquiry notice... it informs it, and, while there is a diligent investigation requirement, there is no futility exception. Therefore, a transferee or transferor may not say in good faith, that [they] made a proper inquiry, and failed to ascertain the truth Tx Gov't Code, Section(s) §§ 22.103, 22.108.

## VI

The Defendant is Liable. "To state a cause of action for a breach, a plaintiff must assert the existence of a valid contract between parties, performance or tendered performance by the plaintiff, and existing damages sustained Weber v. Progressive Cty Mut., 2018 Tx App Lexis 784 (5th Dist COA). (A letter stating 'this is to Advise you that I have been appointed to represent you on the appeal of the subject case', is a contract). However, Defendant filed no brief whatsoever, In re Tatum. (5th Cir) (professional misconduct), Faretta v. California, 422 US 806 (forced appointed counsel to violate TUFTA). Default Judgment or the alternative plea to jurisdiction for inquiry is warranted according to a Certified Question of Texas Law.

(end is intentionally left blank)

next page.

(v)

Mot for Default - Plea to Juris. (Plaintiff)
Cont'd.

## Prayer

Plaintiff prays for relief and damages accordingly.

I, John Bernard Williams IV, plaintiff, declare under penalty of perjury, that all statements are true and correct to the best of my knowledge.

Entered this 29th day of November, 2023

*[signature]*
John Bernard Williams IV
Plaintiff Pro Se

(End)

(vi)

John B. Williams III #2425623
Ramsey Unit #2
1100 FM 655
Rosharon, TX 77583

RECEIVED
DEC 18 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

CV-6

Clerk of The Court
U.S.D.C. - W.D.
262(?) W. Nueva St.
Room 400
San Antonio, TX 78207

RE: SA-23-CV-01396-XR

78207-453150

NORTH HOUSTON TX 773
13 DEC 2023 PM 6 L

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL
INSTITUTIONS DIVISION

FOREVER / USA