UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN BERNARD WILLIAMS III, § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> JOHN 'BUD' RITENOUR JR., § <br> ATTORNEY GENERAL, KEN PAXTON, § <br> *Defendants* § | Case No. SA-23-CA-01396-XR |

## **DISMISSAL ORDER**

On this date, the Court considered (1) Defendant Kenneth Paxton's motion to dismiss (ECF No. 11), Plaintiff's response (ECF No. 13), Defendant's reply (ECF No. 15); and (2) Plaintiff's motion for an expedited hearing (ECF No. 14). After careful consideration, the Court issues the following order.

### BACKGROUND

Proceeding *pro se*, Plaintiff John Bernard Williams III, a Texas state inmate, filed this action against his former court-appointed appellate attorney, John Ritenour, Jr. ("Ritenour"), and Attorney General Kenneth Paxton, "Consumer Protection Division, Law Enforcement Division, and Civil Rights Division, Hate Crimes." ECF No. 1. Although the allegations in the complaint are unclear, Plaintiff generally asserts claims stemming from Ritenour's alleged legal malpractice during his criminal appeal.

In December 2022, after pleading guilty to a charge of sexual assault, Williams was sentenced to ten years in the Texas Department of Criminal Justice.[1] *See* ECF No. 4 at 2. In May

---

[1] In the interest of clarity, the Court draws on Ritenour's answer (ECF No. 4) and the procedural history of the underlying criminal proceedings to supplement this background. *See Krystal One Acquisitions, LLC v. Bank of Am., N.A.*, 805 F. App'x 283, 287 (5th Cir. 2020) (permitting district court to take judicial notice of filings from prior lawsuits because such documents were public records); *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (noting that a court can evaluate its subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint

2023, Ritenour was appointed as Plaintiff's attorney on appeal. *Id.* at 1. He soon discovered that Plaintiff had already filed a *pro se* notice of appeal and a motion for a new trial in December 2022, followed by a second *pro se* appeal filed in May 2023. *Id.* at 3–4.

Plaintiff's first appeal was dismissed in March 2023. *See Williams v. State*, No. 04-22-00695-CR, 2023 WL 2297415, at *1–2 (Tex. App.—San Antonio, Mar. 1, 2023). The panel concluded that Williams had waived his right to appeal as part of his plea bargain. *Id.* After one of the judges on that panel, Chief Justice Rebeca C. Martinez voluntarily recused herself from the appeal, the remaining members of the panel, on their own motion, extended the time for reconsideration of the dismissal order based on the recusal. *See* ECF No. 4-1 at 13. Williams moved to reinstate his appeal, arguing that an order issued by a disqualified judge is void. *Id.* On May 2, 2023, the day before Ritenour's appointment, the panel denied Williams's request, construed as a motion for rehearing, noting that Chief Justice Martinez's voluntary recusal did not render her constitutionally disqualified. *Id.*

With both the initial order dismissing the appeal, and the subsequent order denying the appeal on rehearing, Ritenour turned his attention to filing a Petition for Discretionary Review ("PDR") with the Texas Court of Criminal Appeals to challenge the actions of the Court of Appeals. ECF No. 4 at 4. On June 14, 2023, Ritenour requested an extension of the deadline for filing a PDR with the Court of Criminal Appeals, noting that Plaintiff had represented himself with a vigorous and inventive *pro se* motions practice in both trial and appellate courts for nearly three years.[2] *Id.* at 6. Ritenour thus needed more time to review those filings to see if there was anything that could be raised on PDR. *Id.* The PDR deadline was extended to July 3, 2023. *Id.*

---

supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").

[2] In trial court, Williams proceeded *pro se* after his retained lawyer was permitted to withdraw on September 30, 2020.

On June 21, 2023, not having identified any issues to appeal, Ritenour called Plaintiff and advised that, if Plaintiff wished to continue with the PDR *pro se*, he should provide something to both Ritenour and the Court of Criminal Appeals, and Ritenour would withdraw from the case. *See* ECF No. 1 at 1; ECF No. 4 at 6. Plaintiff never notified Ritenour that he wished to proceed *pro se*, but nonetheless continued to file unsuccessful *pro se* motions with the Court of Criminal Appeals. *Id.* at 6.[3] Plaintiff then began sending Ritenour handwritten documents purporting to be filings in civil actions pursued under the Trial and Appellate Court's criminal matters cause numbers, but failed to file a civil action against Ritenour in state court. *Id.* at 6–7.

Instead, Plaintiff filed this action against Ritenour and the Attorney General in federal court in November 2023. Plaintiff asserts that the Court has federal question jurisdiction under 28 U.S.C. § 1331. *See* ECF No. 1 at 5. His complaint contains references to the Sherman Act, 15 U.S.C. §§ 1 *et seq.*, and a number of federal criminal statutes. *See* ECF No. 1 at 5; *id.* at 10 (citing, *e.g.*, 18 U.S.C. §§ 208, 241, 242, 246, 371, 401, 1001, 1505, 1622, 2071, 2075, 2701, 2713). He further alleges that Ritenour violated the First Amendment's Petition Clause, which "protects 'the right of the people . . . to petition the Government for a redress of grievances.'" *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 382, (2011) (quoting U.S. CONST. AMEND. I.). Plaintiff seeks monetary damages of $350,000 and professional sanctions against Ritenour, including disbarment. ECF No. 1 at 3, 8. The nature of the relief Plaintiff seeks from the Attorney General, who is being sued in his official capacity, is unclear. *See* ECF No. 1 at 1 ("Plaintiff files this lawsuit not against the state, but against a public officer of the state in his licensed official capacity.").

---

[3] *See also Williams v. State*, No. 04-22-00695-CR, https://perma.cc/SK3W-LL68 (indicating that Plaintiff filed five motions filed in June and July 2023, one motion in November 2023, and two motions in January 2024); *In re Williams*, No. PD-0360-23, https://perma.cc/2BV9-J84B (showing a *pro se* filing in October 2023).

3

Ritenour filed his answer to Plaintiff's complaint on November 27, 2023. ECF No. 4. The Attorney General filed a motion to dismiss Plaintiff's complaint on February 16, 2024. *See* ECF No. 11. The Attorney General asserts that the Court lacks subject matter jurisdiction over Plaintiff's claims because they are barred by the doctrine of sovereign immunity. *Id.* at 3–5. He further argues that Plaintiff lacks standing to sue the Attorney General because the complaint fails to allege that Plaintiff's injuries are traceable to or redressable by the Attorney General. *Id.* at 5–6. Indeed, the complaint does not appear to contain any specific factual allegations as to the Attorney General, let alone allegations suggesting that he was involved in a conspiracy to violate Plaintiff's civil rights.

On February 28, 2024, the Court issued an order directing Plaintiff to show cause by no later than March 15, 2024 why this action should not be dismissed for lack of subject matter jurisdiction. *See* ECF No. 12. Based on its duty to examine its own subject matter jurisdiction *sua sponte* when necessary, the Court observed that Plaintiff had not suffered the kind of competitive harm required to establish antitrust standing under the Sherman Act and failed to identify any private right of action that would allow him to bring suit to enforce the federal criminal statutes identified in his complaint. *See id.* at 5–6.

The Court further noted that Plaintiff had not pointed to a federal cause of action that could support a claim against Ritenour for the alleged violation of Plaintiff's First Amendment rights. Ritenour is not subject to liability under 42 U.S.C. § 1983 because he is not a state actor. And, absent allegations that Ritenour's representation was racially discriminatory or otherwise animated by a discriminatory conspiracy to violate his First Amendment rights, Plaintiff cannot establish standing to sue under any of the civil rights statutes mentioned in his complaint. *See* ECF No. 1 at 6 (citing 42 U.S.C. § 1981 (prohibiting racial discrimination in the making and enforcement of

4

public and private contracts)); *id.* at 9 (citing 42 U.S.C. § 1982 (prohibiting racial discrimination as to citizen's right to inherit, purchase, lease, sell, hold, and convey real and personal property)); *id.* at 1 (citing 42 U.S.C. § 1985 (prohibiting conspiracies to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws")).

On March 8, 2024, Plaintiff filed a 25-page, single-spaced response to the Government's motion to dismiss, which consists in large part of perplexing legal citations. *See* ECF No. 13.[4] For example, it contains references to (a) the statute of limitations for fraud actions under the Securities Exchange Act of 1934, (b) the requirements for federal removal, intervention and interlocutory appeals, and (c) the fraudulent transfer provisions of the Fair Debt Collection Practices Act ("FDCPA"), 28 U.S.C. § 3304. *See* ECF No. 13 at 3, 9, 14–16. As best the Court can tell, Plaintiff accuses the Attorney General and Ritenour of having conspired in some way to divert public funds to ineffective legal representation. The response further asserts that Plaintiff recently discovered that the trial court had held a "New Trial Hearing" in November 2023 without his participation. *See id.* at 20. It does not, however, explain how either Ritenour or the Attorney General was personally involved in excluding him from the hearing.

In short, Plaintiff's response fails to cure the defects in subject matter jurisdiction identified in either the Attorney General's motion to dismiss or the Court's show cause order.

## DISCUSSION

### I. Legal Standard

Subject matter jurisdiction is a federal court's statutory or constitutional power to adjudicate a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Dismissal is

---

[4] It is not clear to the Court whether Plaintiff intended his response to the Attorney General's motion to dismiss to serve simultaneously as response to the Court's show cause order. To the extent that he did, the response fails to cure the deficiencies identified in the Court's order, as explained in this order. Otherwise, Plaintiff failed altogether to file a timely response to the Court's show cause order or seek an extension of time to do so.

proper under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). At the pleading stage, "the plaintiffs' burden is to allege a plausible set of facts establishing jurisdiction." *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

In ruling on a motion under Rule 12(b)(1), the Court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). In short, no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.* at 413. Further, materials such as affidavits and regulations can be considered when relevant to the issue of jurisdiction. *Poindexter v. United States*, 777 F.2d 231 (5th Cir. 1985).

Standing is a component of subject matter jurisdiction. *HSBC Bank USA, N.A. as Tr. for Merrill Lynch Mortg. Loan v. Crum*, 907 F.3d 199, 202 (5th Cir. 2018). It identifies "those disputes which are appropriately resolved through the judicial process." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (quotation marks and citation omitted). To establish standing, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant[s], and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

The Eleventh Amendment and the doctrine of sovereign immunity also limit a federal court's jurisdiction. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002). The doctrine of sovereign immunity "prohibits suits against state officials or agencies that are effectively suits against a state." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Under *Ex parte Young*, 209 U.S. 123 (1908), "a litigant may sue a state official in his official capacity if the suit seeks prospective relief to redress an ongoing violation of federal law." *Reeves*, 954 F.3d at 736.

**II.     Analysis**

To begin, the Court notes that Plaintiff is proceeding *pro se* in this case. When reviewing a *pro se* plaintiff's complaint, the Court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a party's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Likewise, while courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with [federal procedural rules]." *U.S. Bank Nat'l Ass'n v. Johnson*, No. 1:15-CV-788-RP, 2017 WL 598499, at *2 (W.D. Tex. Feb. 14, 2017) (quoting *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). Whether represented by counsel or appearing pro se, plaintiffs must still present specific facts, rather than conclusory allegations, to avoid a Rule 12(b)(6) dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

### A. Plaintiff's Claims Against Ritenour

Plaintiff's response cites many of the same federal statutes addressed in the Court's show cause order. *See* ECF No. 13 at 3 (citing 42 U.S.C. §§ 1981, 1982); *id.* at 4 (citing 42 U.S.C. § 1985); *id.* at 7 (citing the Sherman Act); *id.* at 22 (citing 42 U.S.C. § 1983). The response still does not explain how Ritenour's representation was racially discriminatory or otherwise animated by a discriminatory conspiracy to violate his First Amendment rights. Without allegations of such an injury, Plaintiff cannot establish standing to sue Ritenour under any of the civil rights statutes mentioned in his complaint and response.[5] The Court need not reiterate the reasoning in its show cause order here at any great length. At bottom, the pleadings confirm that Plaintiff seeks to sue his defense counsel for legal malpractice, not for a constitutional violation.

Plaintiff has failed to plausibly allege that he has suffered an injury cognizable under the statutes cited in his complaint that is fairly traceable to or redressable by Ritenour. Because Plaintiff does not have standing to bring any of the federal claims identified in his complaint, he has failed to state a claim against Ritenour than can support federal subject matter jurisdiction.

### B. Plaintiff's Claims against the Attorney General

Plaintiff cites cases discussing when a litigant can raise a jurisdictional challenge. Plaintiff cites the Supreme Court's opinion in *Kontrick*. ECF No. 13 at 2. In that case, the court indicated, "A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action." *Kontrick v. Ryan*, 540 U.S. 443, 444 (2004). This is exactly what the Attorney General has done in this case—he asserts that the Court lacks subject matter jurisdiction over

---

[5] The response also fails to identify a federal cause of action that could serve as a vehicle for his theories that Ritenour and the Attorney General (a) colluded to spend taxpayer dollars on ineffective representation or (b) were somehow responsible for his alleged exclusion from a state court hearing in November 2023.

8

Plaintiff's claims against him because he is entitled to sovereign immunity and because the Plaintiff lacks standing to sue him.

The Court agrees that Plaintiff lacks standing to sue the Attorney General and need not address the question of sovereign immunity. Plaintiff has not identified any alleged injury that can be traced to the Attorney General's conduct. Plaintiff vaguely states that the Attorney General, "[a]fter being informed of the violation through a report or appeal, failed to remedy the wrong," ECF No. 13 at 3, and that "Plaintiff has standing that OAG is unequivocally liable by the alleged wrongdoing," *id.* at 4. Plaintiff fails to explain how the Attorney General was informed of the alleged wrongdoing, what the alleged wrongdoing was, the nature of "report or appeal," and what remedy the Attorney General allegedly could have granted. Plaintiff further states: "The official was grossly negligent in supervising subordinates who committed the wrongful acts, and the official exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring." ECF No. 13 at 3. These conclusory assertions fall far short of Plaintiff's burden of alleging "a plausible set of facts establishing jurisdiction." *Sebelius*, 691 F.3d at 652.

### C.     Plaintiff's State-Law Claims

Because the complaint does not appear to present a sufficient basis for federal subject matter jurisdiction,[6] the Court cannot exercise supplemental jurisdiction over Plaintiff's numerous state-law claims for breach of contract, breach of fiduciary duty, "conspiracy," negligence,

---

[6] Having failed to establish federal question jurisdiction, Plaintiff cannot rely on diversity of jurisdiction as a basis for subject matter jurisdiction in this case. The diversity statute requires "complete diversity" of citizenship. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants)). The complaint and answer suggest that Plaintiff and Ritenour are both citizens of Texas. *See* ECF No. 1 at 1; ECF No. 4.

negligence *per se*, legal malpractice, and violations of the Texas Deceptive Trade Practices Act.[7] *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

## CONCLUSION

Defendant Kenneth Paxton's motion to dismiss (ECF No. 11) is **GRANTED**, and Plaintiff's claims against him are **DISMISSED** for lack of subject matter jurisdiction. Plaintiff's remaining claims against Defendant John Ritenour Jr. are likewise **DISMISSED** for lack of subject matter jurisdiction. A final judgment will issue pursuant to Rule 58.

In light of the Court's lack of subject matter jurisdiction, it is further **ORDERED** that Plaintiff's "Motion for Expedited Hearing" (ECF No. 14) is **DENIED**.

The Clerk is **DIRECTED** to **CLOSE** this case.

The Clerk is **FURTHER DIRECTED** to mail a copy of this Order to John Bernard Williams III at 7918 Hatchmere Ct., Converse, TX 78109.

It is so **ORDERED**.

**SIGNED** this 25th day of March, 2024.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff's response to the Attorney General's motion to dismiss contains several references to Ritenour's purported violations of Texas Uniform Fraudulent Transfer Act ("TUFTA"), TEX. BUS. & COM. CODE § 24.008. *See, e.g.*, ECF No. 13 at 22–23. TUFTA prohibits people who owe money to creditors from defrauding the creditors by moving assets so the creditors cannot access them. Plaintiff's theory of liability under TUFTA is unclear. In any event, Plaintiff's TUFTA claim arise under state law and the Court does not have any basis for exercising jurisdiction over such a claim.